UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| CHAD PRICE DUGAN, | ) | |
|---|---|---|
| *Plaintiff*, | ) | |
| v. | ) | No. 3:24-CV-214-CLC-JEM |
| VICTOR COOPER and BLOUNT COUNTY SHERIFF'S OFFICE, | ) | |
| *Defendants*. | ) | |

## MEMORANDUM & ORDER

Plaintiff, an inmate of the Blount County Detention Center, filed a pro se complaint for violation of 42 U.S.C. § 1983 alleging in relevant part that: (1) Defendant Cooper used excessive force against him during his Blount County Detention Center confinement by punching him, bending his arm, and dragging him, and (2) Defendant Blount County Sheriff's Office's "officer involved shootings" and "multiple" pending and settled lawsuits indicate that it has "history of excessive force and police brutality" [Doc. 1 p. 4–6]. Now before the Court is Defendant Blount County Sheriff's Office motion to dismiss Plaintiff's claim against it [Doc. 12], in support of which it filed a memorandum [Doc. 13]. Plaintiff has not filed a response to this motion, and his time for doing so has passed. E.D. Tenn. L.R. 7.1(a). Thus, Plaintiff waived any opposition to this dispositive motion. E.D. Tenn. LR 7.2. For the reasons set forth below, Defendant Blount County Sheriff's Office's motion to dismiss [Doc. 12] will be **GRANTED**, and Defendant Blount County Sheriff's Office will be **DISMISSED** from this action.

**I.      STANDARD**

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 570 (2007)). A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*. at 679.

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Also, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## II. ANALYSIS

First, while Plaintiff names the Blount County Sheriff's Office as a Defendant, this is not an entity that may be sued under Section 1983. *See Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-cv-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983" (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)).

Additionally, Plaintiff's complaint does not plausibly allege that a custom or policy of Blount County caused any violation of his constitutional rights, such that the complaint could state a Section 1983 claim against this municipality. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs"). Specifically, a plaintiff asserting a Section 1983 claim for municipal liability based on the existence of a custom or policy

2

must identify the policy, connect it to the municipality, and demonstrate that the injury was incurred because of the execution of that policy. *Graham ex rel. Est. of Graham v. City. of Washtenaw*, 358 F.3d 377, 388 (6th Cir. 2004). "There must be a 'direct causal link' between the policy and the alleged constitutional violation such that the County's 'deliberate conduct' can be deemed the 'moving force' behind the violation." *Id*. at 383 (citations omitted).

As set forth above, Plaintiff's only complaint allegation regarding a custom or policy of Blount County states that the "Blount County Sheriff's Office has long since had the history of excessive force and police brutality as is indicated in its sordid past of officer involved shootings and multiple civil complaints both pending and settled in the present and past" [Doc. 1 p. 6]. But Plaintiff provides no information from which the Court can plausibly infer that any prior or pending lawsuit against Blount County or any Blount County officer-involved shooting resulted from a "'prior example[] of wrongdoing . . . [that] violate[d] the same constitutional right" that Plaintiff alleges Defendant Cooper violated, or that any shooting or incident underlying any complaint against Blount County "violate[d] [that constitutional right] in the same way'" as Plaintiff's excessive force claim against Defendant Cooper. *Franklin v. Franklin Cnty.*, No. 23-6107, 2024 WL 3823715, at *6 (6th Cir. Aug. 15, 2024) (quoting *Berry v. Delaware Cnty. Sheriff's Off.*, 796 F. App'x 857, 863 (6th Cir. 2019)) (cleaned up). Accordingly, Plaintiff's complaint does not state a plausible claim for *Monell* liability against Blount County based on these formulaic and conclusory allegations.

As such, Defendant Blount County Sheriff's Office Motion to dismiss [Doc. 12] will be **GRANTED**, and this Defendant will be **DISMISSED**.

### III. CONCLUSION

For the reasons set forth above:

1. Defendant Blount County Sheriff's Office's motion to dismiss [12] is **GRANTED** and this Defendant is **DISMISSED**; and

2. Plaintiff is **ORDERED** to immediately inform the Court and Defendant or his counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address will result in the dismissal of this action.

**SO ORDERED**.

**ENTER**:

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**