UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| CHAD PRICE DUGAN, | ) | | |
| *Plaintiff,* | ) ) ) | | |
| v. | ) | No. | 3:24-CV-214-CLC-JEM |
| VICTOR COOPER, | ) ) ) | | |
| *Defendant.* | ) | | |

## **M E M O R A N D U M**

This is a prisoner's *pro se* complaint for violation of 42 U.S.C. § 1983 that is proceeding as to Plaintiff's claim that Defendant used excessive force against him by punching him, bending his arm, and dragging him. [Doc. 1 at 4–6; Doc. 18.] On July 8, 2025, the Court entered an order noting Plaintiff had failed to respond to Defendant's discovery requests and the pending motion to compel discovery. [Doc. 20 at 1.] In that order, the Court also noted that Plaintiff had failed to respond to a previous motion to dismiss. [*Id.* at 2.] Due to these omissions, the Court ordered Plaintiff to show good cause as to why the Court should not dismiss this action due to his failure to prosecute and good cause as to why the Court should not grant Defendant's motion to compel him to respond to discovery within fifteen (15) days of entry of that order. The Court notified Plaintiff that if he did not do so, the Court would dismiss this action without further notice pursuant to Rule 41(b) of the Rules of Civil Procedure [*Id.*]. Plaintiff did not respond to that order, and his time for doing so has passed.

Rule 41(b) gives this Court the authority to sua sponte dismiss a case when a "plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not

expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)."). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, Plaintiff's failure to timely comply with the Court's previous order is due to his willfulness or fault, as it appears that Plaintiff received the order and chose not to comply. As to the second factor, Plaintiff's failure to respond to Defendant's discovery has prejudiced Defendant, as Defendant was unable to obtain Plaintiff's responses to his discovery requests prior to the discovery deadline in this action despite his diligent efforts to do so. [Doc. 17 at 1; Docs. 19, 19-1–19-3.] As to the third factor, as set forth above, the Court notified Plaintiff that failure to timely comply with its previous order would result in dismissal of this action. [Doc. 20 at 2.] Finally, as to the fourth factor, alternative sanctions are not warranted, as Plaintiff was granted leave to proceed *in forma pauperis* in this action but failed to comply with the Court's clear instructions, and it does not appear that he intends to proceed with this case. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing

2

about Plaintiff's *pro se* status prevented him from complying with the Court's previous order, and his *pro se* status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** for want of prosecution and failure to comply with a Court order pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

3